STATE, *ex rel.* A. G. KRUEGER, v. S. E. STONE, as Sheriff of Volusia County

188 So. 575.
Division B.
Opinion Filed May 2, 1939.

No appearance for Respondent.

*Morrow & Mayes, J. U. Gillespie* and *Whitfield & Whitfield,* for Petitioner.

CHAPMAN, J.—The record here shows that A. G. Krueger was by the Circuit Court of Volusia County, Florida, adjudged to be in contempt of court and committed to jail for his failure or refusal to pay certain items of alimony, attorneys fees and court costs allowed or adjudged against him by the Circuit Court in a chancery proceeding then pending in Volusia County, Florida, on the part of his wife, Cora Ann Douglas Krueger, against the said A. G. Krueger. There is no dispute on the record as to the reasons for which the said A. G. Krueger, defendant in the alimony proceedings, was committed to the common jail of Volusia County, Florida.

An application for a writ of habeas corpus was made to this' Court in which it was represented that A. G. Krueger was unlawfully restrained of his liberty on the grounds: (a) that the commitment for contempt because of his refusal or failure to comply with the alimony and suit money order entered by the Chancellor was void; (b) the commitment to jail for failure to pay alimony and suit money is imprisonment for debt; (c) the order of commitment as made is fatally defective.

The contention that the commitment of the petitioner to the County Jail of Volusia County, Florida, for a refusal or failure to comply with a chancery order commanding the payment of certain sums of money as alimony and suit money is an imprisonment for debt within the meaning of Section 16 of the Declaration of Rights of the Constitution of Florida is wholly untenable. It has been the law of Florida for many years and well settled that alimony or main-

tenance from the husband to the wife is not a debt within the meaning of the constitutional inhibition against imprisonment for debt. See Bronk v. State, 43 Fla. 461, 31 So. 248, 99 Am. Sy. Rep. 119.

It is next contended that the commitment under which the petitioner is held is void because it fails to run in the name of the State of Florida as required by Section 37, Article V of the Constitution of Florida, and Section 4230 C. G. L. If the order complained of here was strictly a criminal proceeding, there would be some merit to the contention, but the record before us shows that the petitioner was committed for contempt because he failed or refused to pay a certain sum or sums of money decreed to be paid in a chancery proceeding in which his wife was the plaintiff and the petitioner here was the defendant, and this is shown by the return of the Sheriff as made to the writ of habeas corpus served on him. See Section 5439, par. C. G. L. We fail to find merit in this contention.

We have examined the commitment under which the petitioner was remanded to and held by the Sheriff of Volusia County, Florida, and fail to see or observe that it is subject to the criticism of counsel or fatally defective. See State, *ex rel.* Grebstein v. Lehman, 100 Fla. 473, 128 So. 811.

The petitioner is remanded to the custody of the Sheriff of Volusia County, Florida, and by him to be held until the terms of the commitment have been complied with or until a further order of a court of competent jurisdiction be entered in the premises.

It is so ordered.

WHITFIELD, P. J., and BROWN, J., concur.

BUFORD, J., concurs in opinion and judgment.

Justices TERRELL and THOMAS not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.