Gladys T. Orr, for Use and Benefit of Miller Walton, Frank O. Spain and William C. Lantaff, Doing Business Under Partnership Name of Casey, Walton & Spain, and Bart A. Riley; and Miller Walton, Frank O. Spain and William C. Lantoff, Doing Business Under Partnership Name of Casey, Walton & Spain, and Bart A. Riley, in Their Own Right, v. Morrison B. Orr.

192 So. 466
Special Division B
Opinion Filed December 15, 1939

114

*Casey, Walton & Spain,* for Appellants;
*Frank Smathers,* for Appellee.

PER CURIAM.—Suit was instituted by appellants on a rule to show cause why appellee should not be adjudged in contempt of court for failure to obey a final decree in an action of divorce adjudicated prior thereto. The relevant facts are briefly stated as follows:

By final decree of January 13, 1937, the court ordered the appellee, Morrison B. Orr, to pay into the registry of the court the sum of $5,500.00 as attorneys' fees allowed the wife in the divorce suit. (By the order, $500.00 was designated as attorneys' fees *pendente lite* already allowed appellants Casey, Walton & Spain, but not yet paid; and $5,000.00 was designated as the fee allowed appellant, Riley.)

On January 8, 1938, no part of the fees having been paid, appellants filed a petition for a rule to show cause why the appellee should not be adjudged in contempt of court. Issue was finally joined and a hearing had on the rule. The lower court entered an order declaring that appellee owed the debt but discharged the rule. Appeal is taken from that order.

It is the contention of the appellee that it was within the

discretion of the Chancellor to decline to enforce a decree under process for contempt, where the decree was solely for the payment of money.

Taken as an abstract statement of a principle of law, this is correct; but this principle is subject to certain limitations. As a general rule an applicant is not entitled—as a matter of right—to an order for commitment of a person for contempt, but the application is addressed to the discretion of the court. 13 C. J. 54, Sec. 74.

The rule, however, is different where the person, sought to be cited for contempt, willfully refuses to comply with the order of the court commanding him to pay alimony, costs and attorneys' fees. "The usual method of enforcing an order in a divorce action allowing the wife costs and counsel fees is by means of a commitment for contempt of court * * *." 17 Am. Jur. 460, Sec. 583. See also, 13 C. J. 302, Sec. 693.

By statute (Sec. 4986, C. G. L., 1927) the wife "may in the bill for divorce, or by petition, claim alimony and suit money * * *." The term "suit money" is broad enough to include attorneys' fees and all costs of the divorce proceeding *pendente lite*. Smith v. Smith, 90 Fla. 824, 107 South. Rep. 257.

That a citation for contempt would issue for a wanton or willful failure to comply with an interlocutory order allowing attorneys' fees is apparent. See 17 Am. Jur. 460, *supra*. In principle, there is no difference between a flagrant violation of an interlocutory order of this nature and a similar disregard of a final decree awarding such fees for the assistance of counsel. See Smith v. Smith, *supra*, 90 Fla., text 830, wherein Mr. Chief Justice BROWN said:

"However, where an allowance for solicitor's fees *pendente lite* is prayed in the bill where the wife is the complainant, or in the answer or counterclaim or by petition where the

116

wife is defendant, and the pleadings of the wife make out a *prima facie* case, either affirmative or defensive, and testimony is taken bearing on such matters, the faculties of the parties, etc., either on special hearing or during the taking of testimony on the main issues, we are not prepared to say that under our statute an order of the court allowing solicitor's fees, even though delayed until the final decree, would be in no case valid and enforceable, though disposition of such matters in the earlier stages of the cause, is both usual and the better practice."

This Court has further held that failure to pay alimony allowed by an order of court places the person so failing to comply with the order in contempt of court (Miller v. Miller, 91 Fla. 82, 107 South. Rep. 251, and, in dismissing the appeal in this case, the court said: "The same laws and rules of practice and procedure will apply to this case which apply to contempts for violating an order of injunction."

It inevitably follows, then, that such an arrant non-compliance with the order of the court in the final decree allowing costs and attorney's fees may be made grounds for an adjudgment of contempt of court and the application for citation in such a case is not addressed to the discretion of the court, but is a matter of right to those who have a pecuniary interest in the enforcement of the decree. This Court is well aware that this is a case of non-payment of counsel's fees rather than failure to contribute to the support of the wife; but it should be borne in mind that it is the disobedience of the court's order, as well as the necessity of the spouse, which furnishes grounds for this process of court.

The appellee offered some testimony tending to show that he is at present unable to pay the award. This is not a necessarily proper defense to the application for the citation. Inability to pay is a valid defense at the time the

decree was rendered (Phelan v. Phelan, 12 Fla. 449; Haddon v. Haddon, 36 Fla. 413, 18 South. Rep. 779; Arendall v. Arendall, 61 Fla. 496, 54 South. Rep. 957), but where no appeal has been taken from the order, it will stand inviolate, and no court has the power to subsequently reduce, change or modify it unless the court rendering the same specifically retained jurisdiction for that purpose. See Schouler, on Marriage, Divorce and Separation, Vol. 2, pp. 1990, 1991, par. 1828; Kennard v. Kennard, 131 Fla. 473, 179 South. Rep. 660; Dickenson v. Sharpe, 94 Fla. 25, 113 South. Rep. 638; Gaffny v. Gaffny, 129 Fla. 172, 176 South. Rep. 68; Van Loon v. Van Loon, 132 Fla. 535, 182 South. Rep. 205.

The burden of proving inability is on the defendant, and as the final decree is an adjudication of his ability to pay. the only available defense for non-payment is a showing that he is unable to comply with the terms of the decree due to factors beyond his control   17 Am. Jur. 510; 19 C. J. 304, and cases therein cited.

This rule was properly stated in the case of Hembree v. Hembree, 208 Ky. 658, 271 S. W. Rep. 1100, text 1101: "To have purged himself of contempt for his failure to comply with the court's orders he must have made it clearly appear not only that he was unable to comply therewith, but also that his inability was not caused by his own neglect or misconduct." This rule was reiterated in the later case of Roper v. Roper, 242 Ky. 658; 47 S W. Rep. (2d) 517.

The evidence in this case, while tending to show present inability, on the part of the appellee, to pay, indicates clearly his attitude towards such payment. On examination at the hearing in this proceeding, the following testimony was given:

"Mr. Riley: May I ask this question of Mr. Orr?

"The court: Sure.

"Mr. Riley: Mr. Orr, it appears for the last five months

you have gotten at least $300 a month which you just used for yourself. Would you be willing to contribute any portion of your monthly allowance for deposit in the registry of the court to abide by the provisions of this decree?

"Mr. Orr: You mean would I be willing to pay you and Mr. Spain any money?

"Mr. Riley: Yes.

"Mr. Orr: I would do everything I could to keep from giving Frank Spain a nickel as long as I live."

This excerpt from the testimony included in the record shows a clear intent on the part of the appellee, Orr, to refrain from paying the award as set out in the final decree, and evinces a willful and wanton disregard for the order of the court.

The Court has considered the contentions of the appellee, (1) that Section 67 of the 1931 Chancery Act abrogates actions of this type, and, (2), that this proceeding could be instituted by the wife only. In answer to the former, we state that the Chancery Act broadened the power of the courts but did not deprive them of their most powerful weapon—citation for contempt. Replying to the latter, we reiterate a rule already stated, namely, as was said in State v. Petteway, 131 Fla. 516, 179 South. Rep. 666:

" 'As a general rule, proceedings for contempt to enforce a civil remedy and to protect the rights of parties litigant should be instituted by the aggrieved parties, or those who succeeded to their right, *or some one who has a pecuniary interest in the right to be protected.'* 130 C. J. 59, Sec. 82." (Emphasis added.)

For the reasons above stated, this Court is of the opinion that in the absence of a showing of reasonable and sufficient extenuating circumstances, the appellee, Orr, should have been adjudged in contempt of court for his violation of its decree.

The order is reversed and the cause remanded with directions to the chancellor to inflict on the appellee definite punishment if he is convinced that appellee had funds since the entry of the order to pay the amount fixed or any amount thereof and willfully refused to pay them over; and to incarcerate the appellee until said amount is paid if the chancellor finds that the appellee can now pay the award of attorneys' fees. See State *ex rel.* Grebstein v. Lehman, Sheriff, 100 Fla. 473, 128 So. 811.

Reversed and remanded with directions.

So ordered.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

THOMAS, J., concurs in opinion and judgment.

Justices TERRELL and BUFORD not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.