118 So.2d 90 (1960)
Della Jane HOWARD, Appellant,
v.
Charles Franklin HOWARD, Appellee.
No. B-252.
District Court of Appeal of Florida. First District.
February 2, 1960.
Rehearing Denied March 2, 1960.
*92 Ralph E. Sistrunk and Louis O. Frost, Jr., Jacksonville, for appellant.
Adair, Ulmer, Murchison, Kent & Ashby, Jacksonville, for appellee.
WIGGINTON, Chief Judge.
This appeal is from a final decree denying plaintiff's petition for modification of a final divorce decree with respect to alimony requirements. Appellant contends that the chancellor's findings of fact are contrary to the undisputed evidence, and that he applied irrelevant principles of law in concluding that the petition for modification should be denied.
There are no material conflicts in the evidence as revealed by the record before us. Plaintiff and defendant were divorced from each other by a final decree rendered on December 12, 1938. In accordance with an agreement of the parties the decree provided that defendant husband should pay to plaintiff wife the sum of Forty Dollars monthly as alimony. This requirement of the original decree has been fully complied with.
The alimony payments by defendant being insufficient to provide for plaintiff's support and maintenance, she secured employment at a cigar factory where she worked for approximately seventeen years prior to the institution of this cause. She was forced to leave this employment on December 5, 1958, due to physical incapacities resulting from a heart ailment and other miscellaneous causes. At the time of filing her petition for modification plaintiff was sixty-two years of age and was in need of regular medical attention and nursing care. There is ample evidence in the record to sustain the chancellor's finding, as recited in his decree, that plaintiff has need of additional money and has demonstrated sufficient change in her circumstances as to warrant an order increasing defendant's alimony obligations if the husband's ability to pay such increase is shown.
At the time of their divorce defendant was a salaried employee and had no assets of any kind. One year later he married his present wife who likewise was without financial resources. In 1942 defendant acquired in his own name a commission agency for the distribution of Standard Oil products at Homestead, Florida, which agency is not subject to assignment or sale, but is subject to cancellation on thirty days notice. In accordance with the requirements of the agency contract defendant and his present wife purchased an estate by the entirety in the equipment and rolling stock necessary to properly operate the agency, title to which property and replacements thereof has been so held since its acquisition. Defendant and his present wife, through their industry and good management, have built the business of the agency to the point where in 1958 it produced *93 commissions in excess of $36,000 from which they realized a net profit in excess of $5,000. In addition, defendant and his wife built and now own a home in Miami valued at $22,500 which is subject to a mortgage encumbrance of $11,000 and from which they realize a rental of $140 monthly. After depreciation, repairs and taxes, this rental yielded them a net profit in 1958 of a sum in excess of $500. Defendant and his wife also built and now operate a motel which has a current value of approximately $200,000, but which is subject to a mortgage indebtedness of $71,000. Title to the home and motel is held by defendant and his wife in an estate by the entirety. They also jointly own a 1959 Cadillac automobile, a 1957 Chevrolet station wagon, and a minimum of three trucks, all of which are paid for. Defendant maintains insurance on his own life in the sum of $64,000. In addition to the foregoing activities defendant and his wife have engaged in the speculative business of financing vegetable farming in which venture they suffered a net loss in 1958 of approximately $12,000. Adopting the figures shown by a copy of his most recent income tax return, defendant testified that his various business ventures showed a loss in excess of $20,000 for 1958. This loss consisted almost entirely of the amount invested in the speculative financing of vegetable farming and claimed depreciation on the motel, house, rolling stock and equipment.
From the foregoing facts the chancellor found that the net worth of defendant and his present wife is undoubtedly at least $125,000, and despite their business obligations and lack of income they live in apparent luxury.
In his final decree the chancellor opined that "The problem confronting the Court in this case is not the question of the power of this Court to enter an order increasing alimony payments to a former wife who has demonstrated both a need therefor and changed financial circumstances of the parties, notwithstanding the fact that the former husband shows no income but has adequate net worth of his own. This the Court would do even if it required the former husband to borrow or liquidate some of his assets. In the case at bar, it clearly appears that the former husband's only assets are held in an estate by the entirety and were in fact accumulated by the joint work and efforts of defendant and his present wife, starting from `scratch'". Upon the foregoing analysis of the questions presented by the facts in this case the chancellor in his decree held that "based on the conclusions of the Supreme Court of Florida concerning the immunities of property held in an estate by the entirety from the separate claims or debts of a single tenant, this Court concludes that the petition for modification of the final decree herein must be denied because of a failure to show assets belonging to defendant out of which increased payments of alimony can be allowed."
It is apparent from the decree appealed from, as reflected by the recitals contained therein, that the chancellor's decision was largely if not entirely controlled by his consideration of the settled law as applied to the title of property held by husband and wife in an estate by the entirety. The decree recites decisions of the Supreme Court which hold that property held by husband and wife in an estate by the entirety is not subject to execution to satisfy the debts of either of the parties individually,[1] and that income from or the proceeds from the sale of real estate held by the entirety is equally the property of husband and wife.[2] While the principles relied upon by the chancellor in reaching his decision are sound rules of law applicable to estates by the entirety, such rules have no bearing upon the issue presented to the chancellor for decision in this case.
*94 In this jurisdiction alimony obligations owed by a former husband to his former wife is not alone a debt in the constitutional sense, but is regarded more as a personal duty owed not only to the wife but also to society generally.[3] Our statute[4] provides that on application by either husband or wife for an order increasing or decreasing the amount of alimony provided for in a final decree of divorce, the court shall make such an order thereon as justice and equity shall require, with due regard to the changed circumstances of the parties and the financial ability of the husband.[5] Thus it is that the only issue presented by a wife's petition for increased alimony under the mentioned statute is whether the circumstances of the parties have changed and the wife has demonstrated a need for additional alimony, and the proof shows the husband's ability to meet the increased need. In this case the chancellor found that the wife is in need of additional money and has demonstrated a sufficient change in her circumstances to warrant an order increasing defendant's alimony obligations. The record shows without dispute that defendant and his present wife have a net worth in excess of $125,000, and realized during 1958 a net profit of approximately $6,000 from the operation of the gasoline distributorship and from rental of their home in Miami. Although defendant's proven income and net worth were not prodigious when judged by some standards, it is nevertheless sufficient to show an ability to pay an increase in the alimony required to meet his former wife's present needs. Income alone is not necessarily the basis upon which an award of alimony may be fixed. A net loss in income during one year is not determinative of a husband's ability to pay alimony. In addition to income, consideration must also be given to the extent and value of the husband's capital assets.[6] The manner in which title to the husband's assets is held is not necessarily controlling in determining his ability to pay.
Since it appears without question that plaintiff has demonstrated a need for additional alimony, and defendant possesses a present ability to reasonably meet such needs, the chancellor should have proceeded to enter an order increasing the alimony to be paid plaintiff to such amount as in his discretion justice and equity requires. The court is not warranted in assuming that any such order entered in this cause will not be promptly complied with by defendant from such resources as are available to him. It well may be that in order to pay plaintiff such increase in alimony as the chancellor may find to be fair and just, defendant may have to forego the practice of engaging in speculative farming enterprises, and reduce in some measure the luxurious scale on which the chancellor found he now lives. These are problems, however, with which the court is not concerned and which should not influence a decision on the merits of this cause.
If defendant is required by order of the court to make increased alimony payments to his wife, and he fails or refuses to do so, such failure or refusal may ultimately pose a question in the solution of which the law relating to satisfaction of judgments out of property held by the entireties may have to be necessarily considered. We do not conceive, however, that on the state of the record before us such point has yet been reached, nor should the chancellor anticipate such questions and attempt to resolve them in this proceeding.
Reversed and remanded for further consideration and the entry of a decree in accordance with the views herein expressed.
STURGIS, J., and FITZPATRICK, W.L., Associate Judge, concur.
NOTES
[1] Winters v. Parks, Fla. 1956, 91 So.2d 649.
[2] Dodson v. National Title Insurance Company, 1947, 159 Fla. 371, 31 So.2d 402.
[3] State ex rel. Krueger v. Stone, 137 Fla. 498, 188 So. 575; Bronk v. State, 43 Fla. 461, 31 So. 248.
[4] F.S. § 65.15, F.S.A.
[5] McArthur v. McArthur, Fla. 1957, 95 So.2d 521.
[6] Chastain v. Chastain, Fla. 1954, 73 So.2d 66.