## HOWARD v. HOWARD (No. 3).
### No. 41150.

Circuit Court, Duval County.

October 4 and 18, 1960.

Ralph E. Sistrunk and William Kaler, both of Jacksonville, for plaintiff.

W. Sperry Lee of Adair, Ulmer, Murchison, Kent & Ashby, Jacksonville, for defendant.

WILLIAM H. MANESS, Circuit Judge.

*Order, October 4, 1960:* This cause came on to be heard October 3, 1960, on defendant's petition for modification of the support order heretofore entered herein July 11, 1960 [16 Fla. Supp. 105], the plaintiff's motions to quash and dismiss addressed to said petition and filed before the court this day, and on the

rule to show cause heretofore entered herein and served upon defendant September 13, 1960, returnable October 5, 1960. At said hearing the court read the various pleadings, heard the testimony offered and considered the argument of counsel for the respective parties. Thereafter, this court found therefrom that defendant, Charles Franklin Howard, has failed to comply with the support order of July 11, 1960, and that the defendant is now in arrears $450; that there has been no substantial change in the circumstances of the defendant since the order of this court of May 5, 1959 denying plaintiff's petition for modification (which was reversed on appeal, see Howard v. Howard, 118 So. 2d 90), and that there has been no change in the circumstances of defendant since the order of July 11, 1960 was entered; that although this court does not believe defendant to be guilty of wilful contempt of this court *as a matter of fact*, this court did and does find him to be in wilful contempt of this court *as a matter of law* because the previous finding of this court that " . . . the petition (of the plaintiff) for modification of the final decree herein must be denied because of a failure to show assets *belonging to defendant* out of which increased payments of alimony can be allowed . . ." was supplanted by the language of the First District Court of Appeal which found as a matter of law that " . . . defendant possesses *a present ability* to reasonably meet such needs . . . (of plaintiff)".

The grounds of the petition for modification, and the facts on which defendant relies to relieve him from compliance with the support order of July 11, 1960, and from an adjudication of contempt are — (1) the allegation that the 1938 decree was procured by fraud and misrepresentation and the alleged adultery of plaintiff; (2) the assertion that plaintiff's 1938 stipulation makes it inequitable for her now to claim additional alimony; and (3) certain alleged debts, further losses since May 5, 1959, ravages of Hurricane Donna, general business decline, the absence of taxable income for an additional year and inability to liquidate assets jointly owned with his present wife.

As to grounds (1) and (2), this court holds plaintiff cannot now raise the alleged invalidity of the final decree after more than 20 years of acting and relying thereon and that such alleged facts do not now operate as a bar to these proceedings which are specifically authorized by section 65.15, Florida Statutes. Furthermore, even if defendant's net worth has depreciated an additional $25,000 (and such fact is not alleged), such would not be proof that defendant's " . . . present ability to reasonably meet . . ." plaintiff's needs have changed to the degree necessary to warrant the relief sought under the circumstances of this case.

Since this court previously and erroneously found that defendant had *no assets of his own* out of which to pay increased alimony, it can hardly be said that such "resources as are available" to defendant have or would be materially affected by a decrease of $25,000 (if such did in fact occur).

Finally, defendant contends that even if he is not relieved from the requirements of the order of July 11, 1960, the only fair and just remedy to which plaintiff is entitled under the circumstances is the entry of a judgment for the arrearage, following the precedent of English v. English, 117 So. 2d 559; that this court should not impose a jail sentence to "punish" a husband whose only assets are held in an estate by the entirety with a second wife and who does not have the "ability to pay". This contention ignores the mandate of the District Court which found *a present ability to pay*, and further ignores the fact that the entry of a money judgment would be a hollow effort on the part of this court to secure to plaintiff the alimony she is entitled to have under the law. A judgment against defendant would be of no benefit to plaintiff unless and until she survives the defendant and the defendant also survives his present wife. Either her death or defendant's death, before the death of defendant's present wife, would destroy any chance plaintiff has of obtaining the benefits of a money judgment in her lifetime.

Therefore, this court has only one effective weapon to compel compliance with its decree, to-wit: a jail sentence, and this will be effective only if defendant's present wife wants his freedom enough to buy him out at the expense of her own property. This court is now confronted with the dilemma it erroneously thought it faced on May 5, 1959, to-wit — whether or not it should impose a jail sentence upon a man for not successfully urging his second wife's cooperation in providing funds to pay increased alimony to his first wife, where the effect of such a sentence would leave the matter of his punishment, and ability to purge himself, beyond the control of this court or defendant.

*Whether or not this situation exists in truth and in fact*, it does exist under the law of this case, and only by the full application of a jail sentence can this court discharge its duty under such law. By no other means can it be determined that defendant has or has not, is or is not, using his best efforts to comply with the order of this court. In other words, the court must impost "last resort measures" to determine whether punishment for contempt should have been imposed in the first instance. If such "last resort measures" produce the desired results, it will be assumed that justice has prevailed; but on the contrary, if the sentence

is served and no compliance is produced, it is certain to this court at least that such sentence should not have been imposed in the first instance.

Accordingly, it is ordered, adjudged and decreed as follows —

That plaintiff's motion to quash is denied.

That plaintiff's motion to dismiss defendant's petition for modification of the support order of July 11, 1960 is granted, and said petition is dismissed.

That defendant is hereby adjudged to be in wilful contempt of this court for his failure to comply with the order dated July 11, 1960, for which wilful contempt he shall be confined in the Duval County jail until the arrearage herein found due, together with the costs herein taxed in the sum of $98.25, and attorney's fees herein allowed counsel for plaintiff in the sum of $100 for his services in bringing said rule and resisting said petition for modification, plus the sheriff's costs for the arrest, confinement and release, are all paid in full; or until further order of this court on application of defendant made after 60 days from defendant's commitment.

That actual imposition of said sentence shall be postponed until 1 P.M. on October 18, 1960, at which time defendant shall be and appear before this court in chambers, at the Duval County Court House, Jacksonville.

*Order imposing sentence and fixing supersedeas bond, October 18, 1960:* This cause was set down before the court at 1 P.M. this day by its order of October 4, 1960. At said time there appeared before the court defendant, with his counsel of record, W. Sperry Lee, Esq., as well as Ralph E. Sistrunk, Esq. and William Kaler, Esq., counsel for plaintiff. Thereupon, the court asked counsel for defendant if defendant had paid all or any part of the sums ordered paid by the said order of October 4, 1960 at which time defendant's counsel advised the court that nothing had been paid and filed before the court notice of appeal, motion for supersedeas bond and requested the court to fix a supersedeas bond herein and to permit defendant a couple of days to obtain such a supersedeas bond.

Upon consideration of said motion for supersedeas and after hearing the argument of counsel this court concluded that it should forthwith sentence defendant as indicated in its order of October 4, 1960 and fix a supersedeas bond in the amount of $2,000, upon the posting of which defendant should be released from custody pending the determination of the issues appealed.

It is accordingly ordered, adjudged and decreed as follows —

That the sheriff of Duval County do forthwith take the defendant, Charles Franklin Howard, into custody and confine him in the Duval County jail until he shall have paid, to and through the domestic relations depository of this court, the sum of $450 arrearage heretofore found due, plus the sum of $100 attorney's fees, heretofore awarded counsel for plaintiff, plus the sum of $98.25, heretofore taxed as costs herein and plus the sheriff's costs for the arrest, confinement and release; provided however, that if the defendant has not paid said sums in full on or before 60 days from the date hereof, this court will entertain application of said defendant for a modification of the sentence herein imposed.

That notwithstanding anything herein to the contrary said defendant shall be forthwith released by the sheriff upon the filing of the supersedeas bond hereinafter authorized.

That defendant's notice of appeal from the order of this court, dated October 4, 1960, as well as this order, shall operate to supersede said orders and stay all further proceedings hereunder in this court, including the execution of the sentence herein imposed, pending the determination of the appeal, if and when and in the event the defendant, Charles Franklin Howard, does furnish and file herein his supersedeas bond, with good and sufficient surety in the amount of $2,000, conditioned as required by law and rule 5.1 of the Florida Appellate Rules.