LILES, Acting Chief Judge.
Susan Kay DeFrances and Reno Lawrence DeFrances were the plaintiff and defendant, respectively, in the trial court. Plaintiff sued defendant for separate maintenance and defendant filed a divorce suit against plaintiff. The trial court granted temporary alimony to Susan Kay DeFrances, and temporary fees to Susan Kay’s attorney, Roberta P. Knowles, ap-pellee here. Reno Lawrence DeFrances was subsequently found in contempt of court for failure to pay the alimony and fees, and was confined to jail.
Approximately seventy-two days after Reno went to jail appellants, Susan Kay and Reno, and appellee, Roberta Knowles, entered into a joint stipulation. On the basis of this stipulation the trial court entered an order dismissing Reno’s counterclaim, releasing him from custody, vacating the order of contempt, and determining additional attorney’s fees to be paid to Roberta Knowles. Appellants were ordered to pay the sum of $500 to attorney Knowles as soon as practicable.
Nine months later plaintiff and defendant were both found guilty of willful contempt of court for failure to pay the ordered fees, and the court further found that Reno was primarily responsible for payment of the attorney’s fees previously adjudged. Defendant then filed this notice of appeal from the order of contempt, urging that if the order of contempt is allowed to stand, defendant will be imprisoned for non-payment of debt in violation of his rights under the Florida Constitution.
It has long been held in this state that contempt is a proper proceeding to enforce certain monetary awards in divorce proceedings. State ex rel. Krueger v. Stone, 137 Fla. 498, 188 So. 575 (1939), was a case factually similar to the case at bar. Krueger was found in contempt of court for failure or refusal to pay certain items of alimony, attorney’s fees and court costs assessed against him in a divorce proceeding. He alleged that he was being imprisoned for a debt. The Florida Supreme Court said in Krueger that this position was “wholly untenable.” 137 Fla. at 499, 188 So. at 575. Our Supreme Court again allowed a contempt order to enforce payment of attorney’s fees in a divorce case in Orr for Use and Benefit of Walton v. Orr, 141 Fla. 112, 192 So. 466 (1939). There the court said:
“This court is well aware that this is a case of nonpayment of counsels’ fees rather than failure to contribute to the support of the wife; but * * * it is the disobedience of the court’s order * * * which furnishes grounds for this process of court.” 141 Fla. at 116, 192 So. at 467.
DeFrances also alleges that he was not allowed to give testimony regarding his inability to pay. We. note that no transcript of the trial court proceeding is before this court and therefore no findings of fact can be reviewed.
Reno Lawrence DeFrances was properly found in contempt of court, and the order of contempt of the trial court is accordingly affirmed.
MANN and McNULTY, JJ., concur.