281 So.2d 578 (1973)
Shirley L. HEITZMAN, Appellant,
v.
Terry D. HEITZMAN, Appellee.
No. 72-936.
District Court of Appeal of Florida, Fourth District.
August 15, 1973.
*579 Patrick W.E. Gillen, Jr., of the Law Offices of James P. O'Flarity, West Palm Beach, for appellant.
No appearance for appellee.
WALDEN, Judge.
Are contempt proceedings available to enforce payment of attorney fees awarded to a wife in a divorce judgment? The trial court denied such relief. We reverse and remand upon authority of Orr v. Orr, 1939, 141 Fla. 112, 192 So. 466; Harrison v. Harrison, Fla.App. 1965, 178 So.2d 889; DeFrances v. Knowles, Fla.App. 1970, 244 So.2d 168; State ex rel. Krueger v. Stone, 1939, 137 Fla. 498, 188 So. 575; 10A Fla. Jur., Dissolution of Marriage, § 238.
The fees in question stemmed from an agreement made between the parties, which was incorporated in the final judgment. It was agreed, "6. The Husband agrees to pay ... to James P. O'Flarity, Attorney for the Wife, the sum of $550.00 in final payment of his services in connection with the preparation and execution of this Agreement and all negotiations prior thereto, and also in final payment of his services in connection with the action for Dissolution of Marriage now pending between the parties... . * * * "8. If either party fails in the due performance of his or her obligations hereunder, that party shall have the right, at his or her election, to sue for damages for breach of this Agreement, to enforce this Agreement by contempt proceedings if this Agreement has been incorporated into any Order or Judgment of a Court, ..." (Emphasis supplied.)
Solely offered in support of the appealed order is the case of Howell v. Howell, Fla. App. 1968, 207 So.2d 507. For antecedent proceedings, see Howell v. Howell, Fla.App. 1964, 164 So.2d 231. Very shortly, in the first Howell post divorce judgment case the husband sought to modify the $100 weekly payments to the wife. This was denied because such payments were part and parcel of a genuine joint property settlement and transfer agreement. It was recited (at page 233):
"In full and complete settlement and discharge of all further obligations to the wife for alimony, support, maintenance, dower, or claim of the wife against the husband, the husband, inter alia, bargained and agreed to pay the wife $100.00 per week so long as she lived and did not remarry. The agreement expressly binds the heirs, executors, administrators, personal representatives or assigns of the parties. It is clear that the parties effected a complete contractual settlement, transfer, division and sale of their properties for a consideration definitely fixed for an expressed period of time. The chancellor could not reduce the agreed amounts on petition for modification without doing violence to the underlying contract." (Emphasis theirs.)
In the second Howell post divorce judgment case the wife sought to enforce payment of the $100 weekly payment via contempt. Consistently and justifiably the appellate court held that contempt proceedings were not available because the payments were part and parcel of a property settlement agreement and thereby were enforceable only by the usual debtor creditor remedies.
Nowhere in either of the Howell cases do we see where the nonpayment or enforcement of awarded attorney fees was in issue or any pronouncement that same could not be collected under the contempt power. Thus, we find no basis in the Howell cases for believing that attorney fees can not be enforced by contempt.
We can only guess that the reason for the trial court decision lay somewhere in or around the proposition that stipulated fees can not be collected by contempt as they represent some kind of settlement of rights between the parties.
*580 F.S. 61.16, Laws of 1971, F.S.A., provides:
"61.16 Attorney's fees, suit money, and costs.  The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name."
If the parties wish to stipulate as to the sum to be paid as attorney fees under this statute, such procedure is certainly to be sanctioned because it will save the litigants and the court time and effort necessarily involved in adjudicating a contested issue. The result will be more palatable and likely more reflective of the criteria of true need therefor and ability to pay same. When their stipulation is incorporated into a judgment this is tantamount and the sure equivalent of a decision on the merits as to the applicant's need and the respondent's ability to furnish. And why should contempt enforcement be available to collect a contested award and not available to collect a stipulated award? We can think of no rationale or basis to support such a distinction. If, as adjudicated, whether as the fruit of a contest or of a stipulation, an award of fees is made, same should be equally enforceable. If the person ordered to pay, having been adjudicated as having the ability to pay, refuses to do so and abide with the court's order, and fails to show sufficient cause for his default, he is a proper subject for contempt. 6 Fla. Jur., Contempt, §§ 24 and 34.
The appealed order is reversed and the cause remanded for further proceedings consistent herewith.
Reversed and remanded.
OWEN, C.J., and MAGER, J., concur.