HOBSON, Judge.
Plante, appellant here and defendant below, appeals the order of the circuit court below finding Plante in contempt of a permanent injunction issued six years earlier. The order was entered upon a motion filed by Kenst. Plante contends that Kenst had no standing to enforce the permanent injunction. We agree and reverse the contempt order.
A clear understanding of the alignment of the parties below is necessary to the disposition of this appeal. Lonnie Watson, doing business as Kirby Distribution Company, was a distributor of Kirby products in Pinellas County pursuant to a 1968 agreement with the Kirby Company. As distributor, Watson was authorized by the Kirby Company to appoint area distributors (sub-distributors) within Watson’s territory and to sublease the right to use the “Kirby” name in promotions. In 1969, Watson entered into a contract with Jarvis, doing business as Kirby Sanitronic Systems, appointing Jarvis as an area distributor and authorizing Jarvis to use the “Kirby” name. This contract required Jarvis to cease using the “Kirby” name immediately upon termination of Jarvis’ status as an authorized area distributor. Later that year, Jarvis’ status as an authorized area distributor was terminated by Watson. It appears that Jarvis continued to use the “Kirby” name. Watson filed suit to enforce the provision of the contract requiring Jarvis, and his alleged business associate Plante, to discontinue use of the “Kirby” name. At no time was the Kirby Company a party to these proceedings. In due course, a permanent injunction issued which enforced the contract provision. Plante does not contend that the injunction improperly enjoined his use of the “Kirby” name.
In 1975, the Kirby Company terminated Watson as a distributor. Since Watson was no longer associated with the Kirby Company, Plante apparently felt at liberty to resume use of the “Kirby” name. Later in 1975, Kenst assumed Watson’s former position as distributor through a separate agreement with the Kirby Company. Kenst began pursuit of a number of vacuum cleaner businesses which, like Plante, allegedly were using the “Kirby” name without permission. Kenst pursued Plante by filing a motion for contempt in the prior action brought by Watson. After hearing, the court below entered its order granting Kenst’s motion for contempt. The order found that “Petitioner, Fred Kenst, stands in the shoes of Plaintiff, Lonnie H. Watson, and/or has a pecuniary interest in the right protected by the permanent injunction . .” The order also set forth the steps to be taken by Plante to comply with the injunction and denied a compensatory fine payable to Kenst.
An individual may institute proceedings for civil contempt only if that individual: 1) is one of the aggrieved parties; 2) has succeeded to the rights of the aggrieved parties; or 3) has a pecuniary interest in the exact right protected by the order violated. State ex rel. Everette v. Petteway, 131 Fla. 516, 532, 179 So. 666, 672-73 (1938); In Re: S. L. T., 180 So.2d 374 (Fla.2d DCA 1965). Kenst does not contend that he is the aggrieved party in the suit for the injunction. Kenst expressly stated to the lower court that he has not succeeded to the rights of the aggrieved party, Watson, and that Kenst’s interest in the “Kirby” name arises solely out of separate dealings with the Kirby Company.[1] The only *1133 bone of contention is whether Kenst may institute the contempt proceeding as one who has a pecuniary interest in the right to be protected by the injunction.
The thrust of Kenst’s argument is that any authorized distributor in the area may use the injunction to prevent the unauthorized use of the “Kirby” name. However, under the controversy framed by the complaint upon which the injunction issued, the “Kirby” name was not a res sought to be protected on behalf of the Kirby Company. The complaint seeking the permanent injunction was not filed by Watson as an agent of the Kirby Company to bring an action in the name of the Kirby Company seeking to enforce in the courts of this state the trademark rights or similar rights of the Kirby Company. Rather, the action was brought by Watson seeking to enforce a provision of his contract with Jarvis. According to the business practices of the Kirby Company, the creation and termination of the authority to use the “Kirby” name was a matter of contract between the distributor and his subdistributor. The contractual right to terminate use of the name was protected by the injunction, but only after Watson had borne his burden of proof on all issues necessary to the injunction. Kenst was a complete stranger to the contract and to the legal proceedings on the contract. Kenst cannot benefit of Watson’s proof of this contractual arrangement. Although Kenst may have a similar right to be protected from the unauthorized use of the “Kirby” name, Kenst’s right would arise from an entirely different source and set of circumstances. Kenst has no pecuniary interest in Watson’s contractual rights protected by the injunction.
Kenst neither stands in the shoes of Watson nor has a pecuniary interest in the right protected. Kenst did not have standing to institute the contempt proceedings below.[2] The trial court reversibly erred in entering its order granting Kenst’s motion for contempt. Accordingly, that order must be, and is hereby, reversed.
BOARDMAN, C. J., and GRIMES, J., concur.

. We note that the record contains an agreement between Watson and Kenst whereby Watson appointed Kenst as an area distributor. However, by Kenst’s admissions, Kenst is not a *1133 successor to Watson’s rights. We must assume from this that at the time the contempt proceedings were instituted, after Watson was no longer associated with the Kirby Company, Kenst had no rights to protection of the “Kirby” name under the agreement with Watson.

. Although this was not argued by the parties, Florida Rules of Civil Procedure, Rule 1.590, does not dictate a different result. Under our understanding of the complaint and resulting injunction, Kenst did not obtain the order creating the injunction and was not a person in whose favor the order enforcing the contract was made. See United States v. American Society of Composers, Auth. & Pub., 341 F.2d 1003 (2d Cir.1965), cert. denied 382 U.S. 877, 86 S.Ct. 160, 15 L.Ed.2d 119 (1965) (discussing a similar federal rule).