LETTS, Judge.
The trial court modified previously ordered provisions, affecting the relationship between father and son, without a hearing or proper notice to the father. We reverse.
The four-year-old child in question was conceived by his unmarried parents during a jail interlude between his visiting mother and incarcerated father. Thereafter, the father filed a paternity complaint and was declared to be the natural parent. The court ordered the mother to “provide written reports to the [father] twice a month regarding the health and welfare of the child” but denied actual visitation until the father’s release from jail because it felt it was not in the four-year-old child’s best interests “to travel for a full day, with people he does not know, to visit a father he does not know who is in prison.”
Subsequently, the mother failed to provide the required twice-monthly reports and the father filed a motion for contempt. On or about the time set for the hearing on the motion, a telephone call, of which we have no transcript, ensued between the judge and the father’s attorney. Neither the father nor the mother appeared. Thereafter, the court found that although the mother had failed to provide the reports she would not be held in contempt. In fact, the court did not impose any sanctions whatever and opined that “the court will not entertain any further motions of this sort until the plaintiff is no longer incarcerated.”
As a general proposition, we agree that an applicant, even though his allegations be true, is not entitled to a contempt order as a matter of right. Orr v. Orr, 141 Fla. 112, 192 So. 466 (1939). Whether or not contempt sanctions are to be imposed is discretionary with the trial judge. Fox v. Haislett, 388 So.2d 1261 (Fla. 2d DCA 1980). As a consequence, we find no fault with the trial court’s refusal to find the mother in contempt. We also do not fault the trial judge for initially suspending actual visitation until the father was released from jail. The reversible error occurred because the judge’s subsequent order was tantamount to a waiver of, and thus acted as a modification of, the father’s right to have twice-monthly written reports. The contempt motion filed by the father did not contemplate the possibility of a suspension of these reports. On the contrary, it sought enforcement of them. The question of a modification or a suspension of these reports was simply not before the court and the father had no notice that any such judicial pronouncement would result.
Accordingly, we reverse that portion of the order appealed which had the effect of dispensing with the requirement of twice monthly reports and remand this cause with directions to reinstate the following provision:
*445 The [mother] shall provide written reports to the [father] twice a month regarding the health and welfare of the minor child.
We also strike that portion of the order in which the trial court refuses to entertain any further motions. In all other respects, the order is affirmed.
AFFIRMED IN PART, REVERSED IN PART.
ANSTEAD and WALDEN, JJ., concur.