DELL, Judge.
In Anechiarico v. Thompson, 573 So.2d 453 (Fla. 4th DCA 1991), this court reversed and remanded this case to the trial court with explicit direction to consider:
(1) the plaintiff’s motion to amend his complaint; (2) the effect of his incarceration upon his entitlement to relief; (3) any further jurisdictional issues; and (4) if jurisdiction lies, the best interests of the child.
Id. at 453-54. In response to this court’s opinion, the trial court, without notice and without a hearing, granted appellant’s motion to amend his complaint and then dismissed it for lack of jurisdiction. Additionally, the trial court made the following comments:
There is no evidence that Florida was the home state of the child at the commencement of this proceeding or that Florida had been the child’s home state within six months of the commencement of this proceeding and was removed by a person claiming custody....
[[Image here]]
Further, the Plaintiff provides no proof that he is the natural father of the child.
Even if jurisdiction did lie, and even if Petitioner is the natural father of the child, the Court would deny the petition in the best interests of the child because the Petitioner is currently incarcerated in Glades Correctional Institute.
We reverse. Appellant has alleged sufficient facts, if proved, to establish subject matter jurisdiction under section 61.-1308(l)(b), Florida Statutes (1991). The trial court’s failure, on remand, to conduct an evidentiary hearing may explain the absence of evidence on the jurisdictional issue. We also note that when afforded a hearing, appellant’s evidence may be sufficient to support his claim for the relief that he requests. See Jones v. Adams, 530 So.2d 443 (Fla. 4th DCA 1988). We therefore remand this cause to the trial court with directions to grant appellant an opportunity to be heard and to present evidence on those matters enumerated in this court’s previous opinion.
REVERSED and REMANDED.
GLICKSTEIN, C.J., and POLEN, J., concur.