HAWKES, C.J.
Richard Keith Alan, II, appeals a judgment of indirect criminal contempt and his resulting incarceration. Because the trial court did not abuse its discretion or otherwise err in adjudicating and sentencing Mr. Alan, we affirm its ruling.
Facts
The day after her selection to the jury in a proceeding in which Mr. Alan served as defense counsel, one of the jurors asked the court to excuse her from further participation in the proceeding, claiming to have a medical condition that prevented her continued presence on the jury. As a result, the court excused the juror and substituted an alternate juror in her place. Immediately after the juror was excused from the jury, Mr. Alan accused her of having been “tampered with” and made an oral request that the court permit him to *344 obtain her medical records. The court expressly denied this request calling it “nothing short of outrageous.”
At the close of trial, Mr. Alan filed a document entitled “[Defendant’s] Motion for New Trial, Notice of Intent to Interview Jurors, and Request for Extension of Time to File Motion for Permission to Interview Jurors.” Two days after filing the motion (and without receiving authorization from the court), Mr. Alan contacted the juror via telephone.
The juror testified to the content of that conversation as follows:
[Mr. Alan] told me that he had got permission from the Judge to contact me and to contact some other jurors. And basically he said he had a couple of more questions to ask me. And some of the questions he wanted to find out about my medical information ...
He wanted to get my medical records. But I told him that he couldn’t get my medical records. But the Judge could get my medical records. I would give the Judge permission to get my medical records, but I didn’t feel that he had permission to get my medical records ... So, I wasn’t comfortable with him getting my medical records.
Yes, [the phone call upset me]. I was crying, and I went in the restroom. Because my son was there and it was — I was just like so upset and — because I didn’t mind the Judge getting my medical records. I had no problem with her getting them.
The only thing I came up [to the courthouse] to see, did he have permission from the Judge. Because I had told Mr. Alan that I was going to come up here to see if he had permission from the Judge.
Upon learning the nature of Mr. Alan’s contact with the juror, the court charged him with criminal contempt for willfully and knowingly contacting her “without court authorization in violation of the Courts ruling.” Mr. Alan was adjudicated guilty and sentenced to five months and twenty-nine days in jail.
Applicable Statutes
Both the Rules Regulating the Florida Bar and the Florida Rules of Criminal Procedure set forth the specific procedures an attorney must follow if he wishes to communicate with a juror.
Rule 4 — 3.5(d)(4) of the Rules Regulating the Florida Bar provides:
A lawyer shall not:
(4) after dismissal of the jury in a case with which the lawyer is connected, initiate communication with or cause another to initiate communication with any juror regarding the trial except to determine whether the verdict may be subject to legal challenge; provided, a lawyer may not interview jurors for this purpose unless the lawyer has reason to believe that grounds for such challenge may exist; and provided further, before conducting any such interview the lawyer must file in the cause a notice of intention to interview setting forth the name of the juror or jurors to be interviewed. A copy of the notice must be delivered to the trial judge and opposing counsel a reasonable time before such interview. The provisions of this rule do not prohibit a lawyer from communicating with members of the venire or jurors in the course of official proceedings or as authorized by court rule or written order of the court, (emphasis added).
Florida Rule of Criminal Procedure 3.575 provides:
A party who has reason to believe that the verdict may be subject to legal chai- *345 lenge may move the court for an order permitting an interview of a juror or jurors to so determine. The motion shall be filed within 10 days after the rendition of the verdict, unless good cause is shown for the failure to make the motion within that time. The motion shall state the name of any juror to be interviewed and the reasons that the party has to believe that the verdict may be subject to challenge. After notice and hearing, the trial judge, upon a finding that the verdict may be subject to challenge, shall enter an order permitting the interview, and setting therein a time and a place for the interview of the juror or jurors, which shall be conducted in the presence of the court and the parties. If no reason is found to believe that the verdict may be subject to challenge, the court shall enter its order denying permission to interview, (emphasis added).
Pursuant to these rules, attorneys who suspect juror misconduct are permitted to interview individual jurors, but may do so only after they file a notice of intent to interview and the presiding court enters an order authorizing the interview. See Ramirez v. State, 922 So.2d 386 (Fla. 1st DCA 2006) (explaining the dichotomy between Rule 4-3.5(d)(4) and Rule 3.575). An attorney who interviews a juror regarding suspected juror misconduct without receiving prior authorization from the presiding court risks facing criminal contempt charges. Id.; see also § 38.22 Fla. Stat. (2008) (stating Florida courts have inherent authority to punish contempts against it “whether such con-tempts be direct, indirect, or constructive”); and see Aaron v. State, 345 So.2d 641, 642-43 (Fla.1977) (holding such inherent authority enables courts to “maintain order and dignity in court proceedings, and to punish acts which obstruct the administration of justice”).
Analysis
Mr. Alan made an oral request that the court permit him to obtain the juror’s medical records. The court expressly denied this request, calling it “nothing short of outrageous.” Despite the court’s express denial, Mr. Alan proceeded to undermine the court’s authority by (1) contacting the juror in an effort to obtain her medical records; (2) falsely representing to the juror that he had obtained a court order permitting juror interviews; (3) falsely claiming the juror was required to turn over her medical records to him; and (4) generally harassing the juror to the point that she deemed it necessary to bring his actions to the court’s attention. Clearly, the court’s statement that Mr. Alan’s request was “outrageous” and therefore denied, taken in context, relates directly to Mr. Alan’s ability to seek the juror’s medical records. Such facts, when read in conjuncture with rule 3.575, Florida Rules of Criminal Procedure, indicate the court was well within its authority to hold Mr. Alan in criminal contempt for his actions.[1]
Moreover, although Mr. Alan filed a document titled “[Defendant’s] Motion for New Trial, Notice of Intent to Interview Jurors, and Request for Extension of Time *346 to File Motion for Permission to Interview Jurors”; the circuit court did not, at anytime, enter an order granting him permission to interview any juror. In fact, the record indicates the motion contained neither a legal nor factual basis for his request to interview the juror. This is demonstrated by the circuit court’s denial of the motion, in which the court stated:
[The motion] is completely confusing and incomplete as to [the juror]. It never names her. A general description of a juror with no name or time or date of anticipated interview under the criminal rule, does not meet the terms or spirit of the rule of professional conduct. Moreover, the rule requires the lawyer have a reason to believe grounds for a challenge exist. No such grounds were alleged, nor do they exist. [Mr. Alan] does not even appear to request an interview of the juror described in his motion.
Conclusion
Because the record supports the circuit court’s decision to hold Mr. Alan in criminal contempt for improperly interviewing the juror, we affirm the trial court’s ruling finding Mr. Alan guilty of criminal contempt.
AFFIRMED.
WOLF, J., concurs; BENTON, J., concurs in part and dissents in part.

. Courts are granted great discretion in their inherent power to punish those who commit contempt. Orr v. Orr, 141 Fla. 112, 192 So. 466 (1939). While this Court might not have entered the same sentence, we are not free to reweigh evidence and make such a determination absent a clear abuse of that discretion. The circuit court's sentence was not totally disproportional to the actions for which Mr. Alan was held in contempt. Citizens showing up for jury duty need to be protected from harassment and unnecessary invasions into their privacy.