379 So.2d 466 (1980)
Richard H. FODOR, Appellant,
v.
Janice M. FODOR, Appellee.
No. 79-684.
District Court of Appeal of Florida, Fourth District.
February 6, 1980.
*467 Arthur M. Wolff of Wolff & Gora, Fort Lauderdale, for appellant.
Lawrence F. Kranert, Jr., Fort Lauderdale, for appellee.
HERSEY, Judge.
Pursuant to a property settlement agreement incorporated in a final judgment of dissolution of marriage entered in November of 1971, appellant husband was required to pay to appellee wife alimony in the amount of $15.00 per week and child support of $25.00 per week for each of two minor children. In July of 1975, after a hearing, the court reduced appellant's out-of-pocket weekly payments to $15.00, the remaining $50.00 per week to be accumulated as an arrearage. On October 15, 1975, the court increased the out-of-pocket payment to $30.00 per week, the $35.00 difference to be accumulated as an arrearage. Appellee subsequently filed a motion to reestablish support payments, to which appellant responded with a request for modification of the final judgment. The trial court referred the matter to a general master. After hearing, the general master recommended that the $25.00 per week per child *468 support payments be re-established and that the $15.00 weekly alimony award be terminated. Objections were filed to this report by appellant and, after hearing, the court entered a final order on February 21, 1979 denying appellant's objections to the masters report and ratifying the findings of the general master in full. This appeal resulted.
We affirm. The original obligation of appellant for child support was established at $25.00 per week per child. In addition, appellant was required to pay $15.00 per week as alimony. The order appealed from eliminates the requirement for the payment of alimony, and leaves the amount of child support payments unchanged. Intervening orders did not modify the husband's legal obligations, but simply afforded him equitable relief from immediate payment of his obligations because of circumstances that existed from time to time. The matter of enforcement of prompt payment and, conversely, the application of equitable principles to permit less than full payment from time to time and under various circumstances is a matter within the sound discretion of the trial court. Brenske v. Brenske, 151 So.2d 58 (Fla. 3rd DCA 1963). (But see Benson v. Benson, 369 So.2d 99 (Fla. 4th DCA 1979) for the proposition that a time schedule for installment payments of lump sum alimony established by a property settlement agreement may not be so modified.) There is obviously no requirement of a finding of a substantial change in circumstances where no change is made in the ultimate legal obligation.
The same reasoning disposes of appellant's second point on appeal. Appellant complains that the general master improperly placed the burden of proof upon appellant, rather than upon appellee in connection with modification. We point out that the legal obligation was not modified, but simply the time of enforcement. Furthermore, appellant filed a request for modification and, clearly, the burden of proof rested on appellant to show a substantial change of circumstances. The general master found that this burden was not met. This answers appellant's third contention on appeal, which asserts error of the trial court in ratifying and affirming the report of the general master denying appellant's petition for modification.
The law is clear that the trial court should approve a master's findings of fact and recommendations, unless the master has misconceived the legal effect of the evidence. Shaw v. Shaw, 369 So.2d 81 (Fla. 3d DCA 1979). This is so because the master is in a better position to make determinations of fact, having seen the witnesses and listened to the testimony. The trial court will not overturn the master's findings unless they are clearly erroneous. Ciccarelli v. Ciccarelli, 352 So.2d 1204 (Fla. 4th DCA 1977).
A review of the report of the general master shows that the legal effect of the evidence was not misconceived. The trial court, therefore, was eminently correct in it's order of February 21, 1979.
Appellant having failed to demonstrate reversible error. We affirm.
AFFIRMED.
DOWNEY, C.J., and LETTS, J., concur.