On Motion to Strike Supersedeas Bond

SCHWARTZ, Chief Judge.
The order under review requires the husband to pay, in installments, accrued increases in the amounts of child support retroactive to the date of the appellee-wife’s petition for modification. Because the order is for support and is enforceable by contempt — that it thus provides for the alternatives of payment or imprisonment— we hold that it is not a “[mjoney [j]udgment” and one “solely for the payment of money” within the meaning of the title and text of Fla.R.App.P. 9.310(b)(1), under which posting a 115 per cent supersedeas bond effects an automatic stay pending review. See Florida Coast Bank of Pompano Beach v. Mayes, (Fla., 4th DCA Case No. 81-2272, opinion filed, December 29, 1982); compare, e.g., Proprietors Insurance Co. v. Valsecchi, 385 So.2d 749 (Fla. 3d DCA 1980). Accordingly, the wife’s motion to strike the bond posted pursuant to the rule is granted and the cause is remanded for the trial court’s discretionary consideration of an application for stay under Fla.R. App.P. 9.310(a).
Motion granted, remanded.