438 So.2d 903 (1983)
Russell E. DENT, Appellant,
v.
Karen Lynn DENT, Appellee.
No. 83-585.
District Court of Appeal of Florida, Fourth District.
September 21, 1983.
Rehearing Denied October 25, 1983.
Melvyn B. Frumkes and Cynthia L. Green of Law Offices of Melvyn B. Frumkes, P.A., Miami, for appellant.
Harry G. Carratt of Morgan, Carratt & O'Connor, P.A., Fort Lauderdale, for appellee.
BERANEK, Judge.
This is an interlocutory appeal from a temporary support and attorney's fee order in a contested dissolution of marriage proceeding. The husband filed a petition for dissolution of marriage in October, 1981, and the parties entered into a preliminary and partial marital settlement agreement which provided for support. Eventually, after expiration of the agreement, issues as to the amount of support were considered by a master who entered two reports. Both husband and wife filed exceptions to the reports of the master, and a hearing on those exceptions took place before the circuit court. The court sustained the wife's exceptions and entered an order increasing the amounts previously determined by the general master. The hearing before the circuit court consisted of argument of counsel and demonstrated that there had been substantial conflict in the evidence before the master.
On appeal the husband asserts the trial court erred in considering letters from *904 opposing counsel while the exceptions were under advisement. While we do not condone sending letters to judges in the abstract, no error has been made to appear on this issue herein. Both sides sent letters and they were in the nature of supplements to the previous arguments.
The husband also asserts that the court erred because the master's findings were amply supported by evidence and because there had been no mistakes of law. The law of this state is that the trial court is bound by a master's factual findings when they are supported by competent evidence. This court has so held in Fodor v. Fodor, 379 So.2d 466 (Fla. 4th DCA 1980), and Sitomer v. Sitomer, 397 So.2d 373 (Fla. 4th DCA 1981). In Fodor, we stated at 468:
The law is clear that the trial court should approve a master's findings of fact and recommendations, unless the master has misconceived the legal effect of the evidence. This is so because the master is in a better position to make determinations of fact, having seen the witnesses and listened to the testimony. The trial court will not overturn the master's findings unless they are clearly erroneous. (Citations omitted.)
The opinion in Sitomer reaches the same conclusion. "[A] trial judge may not reject a master's findings of fact unless the court concludes that the findings of fact are clearly erroneous." (Id. at 374).
Appellee in the instant case at no time alleged errors of law with respect to the general master's report regarding temporary support. She complained mainly with regard to the master's factual findings. As stated in Matos v. Matos, 421 So.2d 180, 184 (Fla. 2d DCA 1982);
[W]here the trial judge chooses to appoint a master to hear the testimony and make findings of fact and determinations based thereon, the trial judge loses the prerogative of substituting his judgment, call, or determination in lieu of those lawfully reached by the master. His role essentially is the same, in these respects, as those of this court in reviewing the trial judge's findings and determinations had he personally heard the testimony. (Emphasis supplied.)
The master's factual findings indicate that he concluded that the husband had the ability to pay support to his wife and children in the amount of $2,365 per month and maintain the mortgage payments on the former marital residence, in addition to maintaining a condominium, the New Jersey home, and a Georgia residence occupied by the husband's mother. The trial judge, however, overturned these findings of the master and ordered additional support. There was adequate evidence to support the master's findings and the court erred in substituting its judgment of the conflicting evidence for that of the master. The order below is thus reversed and the matter remanded for further proceedings. In view of this reversal, the court's order awarding the wife attorney's fees is also vacated subject to reconsideration on remand.
REVERSED AND REMANDED.
GLICKSTEIN and WALDEN, JJ., concur.

ORDER ON REHEARING
This court's order on attorneys' fees entered September 21, 1983, is clarified as follows. The motion for fees filed in this court by Karen Lynn Dent is hereby granted, and the amount of said appellate attorneys' fees shall be set by the trial court after further hearing. The trial court's assessment of appellate fees of $3,500 by order of April 26, 1983, is set aside, and the amount of the fee shall be reset taking into consideration the fact that the wife was unsuccessful in defending the husband's interlocutory appeal. The opinion of this court of September 21, 1983, was not in reference to appellate fees.