PER CURIAM.
AFFIRMED. We reject the former wife’s claim that the court’s previous order directing her to pay the former husband’s attorney's fees cannot be enforced by contempt. See Heitzman v. Heitzman, 281 So.2d 578 (Fla. 4th DCA 1973). The fees at issue were awarded as a consequence of the former husband’s efforts to enforce his visitation rights with the parties’ child. We believe that the enforcement of those rights is sufficiently important to authorize the enforcement of a fee order related thereto by the power of contempt. We also find the record contains evidentiary support for the trial court’s holding that the former wife willfully failed to pay the fees, although she had the present ability to do so. The record reflects the existence of an available fund from which a substantial portion of the fees could be paid. While the former wife testified she had pledged the use of that fund for other purposes, the record also reflects a basis for the trial court to deny credibility to this testimony.
ANSTEAD and WARNER, JJ., and MAGER, GERALD, Senior Judge, concur.