656 So.2d 1250 (1995)
Petra FISHMAN, etc., Petitioner,
v.
J. Robert FISHMAN, Respondent.
No. 83243.
Supreme Court of Florida.
February 9, 1995.
Rehearing Denied July 10, 1995.
*1251 Viktoria L. Gres, Key Biscayne, for petitioner.
William E. Raikes, III, Fort Pierce, for respondent.
GRIMES, Chief Justice.
We review Fishman v. Fishman, 629 So.2d 195 (Fla. 4th DCA 1993), in which the district court of appeal certified the following as a question of great public importance:
MAY THE POWER OF CONTEMPT BE USED TO ENFORCE THE PAYMENT OF ATTORNEY'S FEES DIRECTED TO BE PAID BY ONE FORMER SPOUSE TO THE OTHER FOR FEES INCURRED BY THE LATTER IN ENFORCING VISITATION RIGHTS WITH THE PARTIES CHILD?
Id. at 196. We have jurisdiction under article V, section 3(b)(4) of the Florida Constitution.
When Petitioner, Petra Fishman, and Respondent, J. Robert Fishman, were divorced, Petitioner was awarded custody of their minor child and Respondent was granted visitation rights and ordered to pay child support. In 1991, Petitioner was held in contempt of court for violating the trial court's order requiring free and open communication between Respondent and the parties' minor child and for disobeying the trial court's visitation orders on at least two occasions. The trial court subsequently issued an order requiring Petitioner to pay attorney's fees in the amount of $2875 to Respondent's attorney related to the visitation enforcement and contempt proceedings.
Petitioner paid only $10 per month to Respondent's attorney, asserting that was all she could afford. Respondent moved for Petitioner to be held in contempt. After notice and hearing, the trial court determined that Petitioner had willfully violated the attorney's fee order and had the financial resources available to her to purge herself of contempt. Petitioner was found in contempt of court and ordered to pay $1000 to Respondent's attorney within five days or be incarcerated.
On appeal, the Fourth District Court of Appeal affirmed, rejecting the Petitioner's claim that the court's previous order directing her to pay the Respondent's attorney's fees could not be enforced by contempt. The court noted that the fees at issue were awarded as a consequence of the Respondent's efforts to enforce his visitation rights with the parties' child and that the enforcement of these rights was sufficiently important to authorize the enforcement of a related fee order by the power of contempt. Fishman, 629 So.2d at 196. The district court of appeal also found that the record supported the trial court's findings that Petitioner willfully failed to pay the fee award *1252 although she had the present ability to do so and that Petitioner's testimony regarding her ability to pay was not credible. Id.
The certified question raises an issue of first impression in this state. Article I, section 11 of the Florida Constitution specifically prohibits imprisonment for debt. However, the use of civil contempt powers for the enforcement of support payments in domestic relations cases has been approved. Bronk v. State, 43 Fla. 461, 31 So. 248 (1901); Phelan v. Phelan, 12 Fla. 449 (1868). The rationale underlying this rule is that the obligation to pay spousal or child support is a personal duty owed to both the former spouse or child and to society rather than a debt within the meaning of article I, section 11. Gibson v. Bennett, 561 So.2d 565, 570 (Fla. 1990). The use of contempt in dissolution proceedings is premised on the "assumed necessity for the special protection and enforcement of rights growing out of the marriage relationship." Price v. Price, 382 So.2d 433, 437 (Fla. 1st DCA 1980). This rule has been extended to include the enforcement of payments of attorney's fees related to dissolution proceedings. State ex rel. Krueger v. Stone, 137 Fla. 498, 188 So. 575 (1939); Orr v. Orr, 141 Fla. 112, 192 So. 466 (1939); Heitzman v. Heitzman, 281 So.2d 578 (Fla. 4th DCA 1973). Civil contempt is appropriate only if the party to be held in contempt has the present ability to comply with the purge provisions and thereby avoid imprisonment. Bowen v. Bowen, 471 So.2d 1274, 1278 (Fla. 1985).
Prior to this case, no Florida court has addressed the question of whether the power of contempt could be used to enforce payment of an award of attorney's fees related to visitation enforcement proceedings. The Petitioner contends that because she does not owe any type of spousal or child support to the Respondent, the attorney's fee award is not related to a support obligation and must be a debt. Thus, Petitioner argues that payment of the attorney's fee award must be enforced by measures available to creditors rather than by contempt.
While it is true that the attorney's fee award in this case is not related to the payment of a support obligation, we reject Petitioner's argument that the fee award cannot be enforced by contempt. The fee award is integrally related to the enforcement of the Respondent's right of visitation with the parties' minor child. Petitioner concedes that civil contempt may be used to enforce child visitation orders. Lee v. Lee, 43 So.2d 904 (Fla. 1950); DeMauro v. State, 632 So.2d 727 (Fla. 3d DCA 1994). As a direct result of Petitioner's refusal to comply with the visitation order, Respondent was forced to hire an attorney to enforce his visitation rights. There is no rational justification for allowing contempt to be used to enforce an attorney's fee award in the spousal or child support enforcement context, while not allowing it to be used in the visitation enforcement context. Enforcement of visitation rights and an accompanying award of attorney's fees is just as essential to meeting the best interests of the child and society as is the enforcement of child support payments and an accompanying award of attorney's fees.
Assuming that a former spouse has willfully violated an attorney's fee order and has the present ability to pay the purge amount required to avoid incarceration, the power of contempt should be available to the courts to enforce the payment of the attorney's fee award.
We therefore answer the certified question in the affirmative. We hold that the power of civil contempt may be used to enforce the payment of attorney's fees owed by one former spouse to another for attorney's fees incurred when enforcing visitation with the parties' child. We do not reach Petitioner's second point on appeal.
Accordingly, we approve the decision below.
It is so ordered.
OVERTON, SHAW, KOGAN, HARDING and WELLS, JJ., concur.
ANSTEAD, J., recused.