684 So.2d 822 (1996)
William I. ZDRAVKOVIC, Appellant,
v.
Nancy G. ZDRAVKOVIC, Appellee.
Nos. 94-1232, 94-2702.
District Court of Appeal of Florida, Fourth District.
March 20, 1996.
Kenneth V. Hemmerle, II of Klein, Hemmerle & McCusker, Fort Lauderdale, for appellant.
Nancy Little Hoffmann of Nancy Little Hoffmann, P.A., Fort Lauderdale, for appellee.
PER CURIAM.
This consolidated appeal follows proceedings for contempt on appellant's failure to pay alimony and child support. In case no. 94-1232, we summarily affirm the order denying appellant's motion to enforce a settlement agreement. In case no. 94-2702, appellant has demonstrated error, and we reverse as set forth below.
The parties went before a general master on appellee's motion for contempt. The general master found appellant in contempt of court and specifically found that appellant possessed the ability to pay $3500. The master recommended appellant be incarcerated, but provided that appellant could purge himself of the contempt by payment of $3500. The master also recommended that the trial court order appellant to pay $400 bi-weekly towards the arrearages of alimony and child support.
Subsequently, appellee filed a motion to adopt the master's findings and recommendations. The trial court entered an order ratifying the report of the general master, but increased the purge amount to $10,000 without an attendant finding of ability to pay and lowered the arrearage payment to $250 bi-weekly. The trial court's deviation constituted error because "[a] trial court is bound by a master's factual findings and recommendations unless they are clearly unsupported by the evidence and clearly erroneous." See Linn v. Linn, 523 So.2d 642, 643 (Fla. 4th DCA), rev. denied, 534 So.2d 400 (Fla.1988).
*823 The trial court thereafter amended the order to include a finding that appellant had "the present ability to comply with the purge provision of Ten Thousand Dollars ($10,000) or voluntarily divested himself of the ability to pay said purge." The amended finding does not constitute an express finding of ability to comply with the purge condition and therefore is not sufficient to allow incarceration. See Bowen v. Bowen, 471 So.2d 1274 (Fla.1985); Galligher v. Galligher, 643 So.2d 706 (Fla. 4th DCA 1994); Ugarte v. Ugarte, 608 So.2d 838 (Fla. 3d DCA 1992).
Accordingly, we reverse the purge amount and the arrearage payment set forth in the trial court's amended order ratifying the master's report. The evidence presented below supports the findings and recommendations of the general master. We therefore direct the trial court on remand to adopt the master's finding that appellant possessed the ability to purge himself of contempt by payment of $3500 as well as his recommendations as to the purge amount and the arrearage payment. See Linn.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
GLICKSTEIN, DELL and FARMER, JJ., concur.