WARNER, Judge.
This is an appeal from an order denying a motion for civil contempt for appellee’s failure to make payments towards his ex-wife’s attorney’s fees. We reverse.
In Bowen v. Bowen, 471 So.2d 1274 (Fla.1985), our supreme court set forth the procedure for establishing civil contempt in family support matters, which now includes the recovery of attorney’s fees. Fishman v. Fishman, 656 So.2d 1250 (Fla.1995). In Bowen, the court provided that the movant must show that a prior court order directed the party to pay the support and that the party in default has failed to make the ordered payments. The burden of producing evidence then shifts to the defaulting party who must dispel the presumption of the ability to pay by demonstrating that due to circumstances beyond that party’s control that have intervened since the order directing payment was entered, the defaulting party no longer has the ability to meet the obligations required in the order. Then the court must evaluate all of the evidence to determine whether it is sufficient to support a finding *1048 that the defaulting party has willfully violated the court order. Bowen, 471 So.2d at 1278-79.
In the instant case, the appellant furnished the trial court with the prior orders upon which appellant claimed the appellee had defaulted. The appellant also requested the court to review appellant’s deposition. The appellee then proceeded to argue that appellant had not shown that he had the ability to pay. He pointed out that he had actually paid nearly $80,000 towards the fees as proof that his conduct was not contemptuous in that when he had available monies, he made payments. The trial court interrupted the proceedings to rule, stating that, “Once the gentleman of record [meaning appellant’s attorney] establishes the previous court order of the Court and it is presumed that you have the ability to pay, that part is concerned, that burden then shifts to you. He still has got to go on to the willfulness and the wantonness, so I will deny the motion. There is simply no evidence of record here today for which the Court can order contempt.”
We believe that the trial court erred in its interpretation of Bowen. As we read that case, once the moving party proves that an order required payments for support, that creates a presumption in subsequent proceedings of an ability to pay. Thus, when the defaulting party fails to make payments, willfulness must also be presumed, that is, that the defaulting party had the ability to pay but chose not to. The burden then shifts to the defaulting party to show that due to circumstances beyond that party’s control, the ability to make the payments has been lost. Thus, the defaulting party must show that the failure to pay was not willful because the ability to pay has been lost. In the determination of whether the defaulting party is in contempt, Bowen does not place any burden upon the moving party other than to show that an order requiring payments was violated.[1]
Because it appears from the trial court’s ruling that the court placed an additional burden upon the appellant not required by law, we reverse this case for further proceedings. We do not by our reversal imply that the trial court may not find based upon the proper placement of the burden of going forward with the evidence that there was no willful violation of the court order. That is an evidentiary matter which the trial court must determine from all of the evidence presented.
In appellant’s second issue on appeal she contends that the trial court erred in refusing to consider her motion for criminal contempt. At the hearing, she specifically waived the criminal contempt motion. Therefore, the issue is not preserved for appeal.
Reversed for treatment consistent with this opinion.
GUNTHER, C.J., and SHAHOOD, J., concur.

. Of course, if the court finds the defaulting party in contempt and orders incarceration, there must be a separate, affirmative finding of present ability to pay any purge amount, and under Bowen the moving party may be required to present additional evidence of present ability to pay. But in the instant case, since the trial court denied the motion for contempt, that issue was never addressed. We note that section 61.14(5), Florida Statutes (Supp.1992), provides that the present ability to pay the support amount and to purge the contempt may also be presumed from the entry of the original order. We are not called upon to interpret that statute in this case.