683 So.2d 1131 (1996)
Joseph Michael ROBBIE, Appellant,
v.
Dwyn Daniels ROBBIE, Appellee.
No. 96-0990.
District Court of Appeal of Florida, Fourth District.
December 11, 1996.
*1132 Bruce Alexander of Boose, Casey, Ciklin, West Palm Beach, and Alice E. Warwick of Welbaum, Guernsey, Hingston, Greenleaf & Gregory, L.L.P., Coral Gables, for appellant.
Shelley M. Mitchell, Fort Lauderdale, for appellee.

ON MOTION TO DISMISS
PER CURIAM.
The trial court's order of March 7, 1996, required appellant to pay attorney's fees and costs to his ex-wife's attorney by March 22, 1996. When the appellant failed to pay, the trial court found the appellant in willful non-compliance with its order for payment of attorney's fees and noted a history of delinquencies in payments by appellant. It issued an order to show cause for indirect criminal contempt proceedings, as well as civil contempt. The appellant failed to appear at the hearing, and an order of arrest was entered. This court issued an order requiring appellant to pay the amounts due within 20 days or the appeal of the March 7, 1996, order would be dismissed. Appellant failed to make the required payment. Therefore, this appeal is dismissed. Gazil v. Gazil, 343 So.2d 595 (Fla.1977).
Appellant's argument that he cannot be held in contempt for failure to pay a money judgment is not on point. Here, the trial court has made the necessary findings to support a contempt of court, and clearly the appellant has disobeyed several orders of the court in this regard. Attorney's fees in a dissolution action may be enforced by contempt. Fishman v. Fishman, 656 So.2d 1250 (Fla.1995); Heitzman v. Heitzman, 281 So.2d 578 (Fla. 4th DCA 1973). Moreover, the entry of a money judgment does not preclude enforcement by contempt. See § 61.17(3), Fla.Stat. (1995).
GUNTHER, C.J., and WARNER, J., concur.
FARMER, J., concurs specially with opinion.
FARMER, Judge, concurring specially.
While I agree with the dismissal of this appeal for the reasons stated by the majority, I write to express some misgivings I have about trial courts using their contempt power of incarceration to coerce one party to pay attorney's fees to the lawyer for one's adversary after the case has been tried and reached a final judgment. See Fishman v. Fishman, 656 So.2d 1250 (Fla.1995).
In no other context has the supreme court read an attorney's fees statute so broadly than section 61.16, Florida Statutes (1995). I am aware of no instance where the court has read so much into statutory text than here, dealing with the use of the court's contempt powers to compel payment of fees in chapter *1133 61 cases.[1] It seems to me that the court has taken what to my mind should be a very rare circumstance and, by construction and omission, allowed trial judges to make it the rule.
The purpose of section 61.16 is to make the access to legal representation in a chapter 61 proceeding as nearly equal as it can be from the family's resources. The underlying goal of the statute is that both parties should be equally able to make their case through lawyers. In this sense the statute looks primarily forward, not backward. That is to say, after the battle has been fought through the lawyers and decided by the trial judge, the goal of equal access has been realized. While it is fair that the needy spouse recover a money judgment against the able spouse as indemnification for the cost of those services after the game is over, it is no longer necessary to use contempt to insure that the needy spouse is able to fight the battle at all.
In short, I see a substantial difference in using contempt powers for attorney's fees to enable the needy spouse to fight the battle, and using such coercive powers after the battle has been fought to collect an attorney's fee bill. In my opinion the use of incarceration under contempt powers should be limited to preliminary awards necessary to enable the needy spouse to make the party's case in the first instance. Moreover, limiting such powers to temporary awards necessary to enable the contest to be waged allows the trial judge more supervision before the fact as to how much of the family's resources are going to be allocated to contest itself.
Using contempt after the fact to compel payment of fees appears to give lawyers preternatural collection remedies for their fees that no other professional can claim. No one seriously suggests that the remedy for nonpayment of a bill for medical services, or for food, or for shelter, should be contempt. Neither has the court in Fishman explained why courts should so construe this statute when its text lacks an express provision so requiring. I am afraid that this use of contempt powers threatens to give the impression that divorce lawyers have some special standing in the courts to be paid upon penalty of jail, which no other lawyer, professional person, or creditor enjoys.
NOTES
[1] Section 61.16(2), Florida Statutes (Supp.1996), does not authorize routine use of contempt incarceration to enforce awards of attorneys fees in all cases under chapter 61. In fact, the text begins with an express limitation of its applicability to an action brought under rule 3.840, Florida Rule of Criminal Procedure, to punish criminal contempt of court.