PER CURIAM.
This cause is on appeal from several orders of the trial court, the result of which prevents Appellant from blocking a public easement and holds him in contempt for failing to pay half the cost of a court-ordered survey. We reverse the trial court on the two issues relating to the order of contempt; we affirm the remaining issues without further discussion.
The civil contempt order at issue ordered Appellant imprisoned in the Walton County jail for willfully failing to pay half the fee of a previously ordered land survey. This was reversible error. Article I, section 11 of the Florida Constitution provides that “No person shall be imprisoned for debt, except in cases of fraud.” See, e.g., Tabas v. Hudson, 175 So.2d 224 (Fla. 3d DCA 1965); Turner v. State ex rel. Gruver, 168 So.2d 192 (Fla. 3d DCA 1964); cf., Fishman v. Fishman, 656 So.2d 1250 (Fla.1995)(noting that orders involving support in domestic relations cases and the attorney fees associated therewith are not considered debts for purposes of article I, section 11).
The trial court further erred in determining the amount due under the contempt order. The June 19,1995, order establishing Appellant’s obligation only required him to pay for half the cost of the survey or $900. The additional $75 witness fee was not mentioned in the June 19, 1995, order or in the Appellee’s subsequent motion for contempt. Therefore, Appellant cannot be held in con *741 tempt for failure to pay this additional amount.
AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.
BOOTH, WOLF and VAN NORTWICK, JJ., concur.