743 So.2d 1225 (1999)
Edward A. GARCIA, Appellant,
v.
Deborah L. GARCIA, Appellee.
No. 99-0280.
District Court of Appeal of Florida, Fourth District.
November 17, 1999.
*1226 Robert L. Bogen of Law Offices of Robert L. Bogen, withdrawn as counsel after filing brief, Boca Raton, for appellant.
Harry D. Dennis, Jr., Pompano Beach, for appellee.
GROSS, J.
In this non-final appeal, the former husband challenges the trial court's order adopting a general master's ruling that the former wife is entitled to $30,000 in temporary attorney's fees and costs in a modification action. The order required payment within two days of the date of the master's report.
The former husband points to Woodward v. Berkery, 714 So.2d 1027 (Fla. 4th DCA), rev. denied, 717 So.2d 528 (Fla. 1998), for the proposition that the scope of discovery in a modification proceeding is necessarily narrower and decidedly different than in a plenary proceeding to establish the need for and amount of support in the first instance. Litigation fees and costs were the subject of a hearing before the general master. Where a general master has been appointed for fact-finding and to recommend disposition of pending issues, the trial court is bound by the general master's factual findings unless they are not supported by competent substantial evidence or are clearly erroneous. See Zdravkovic v. Zdravkovic, 684 So.2d 822, 822 (Fla. 4th DCA 1996); Dent v. Dent, 438 So.2d 903, 904 (Fla. 4th DCA 1983). The trial court should approve the master's factual findings and recommendations unless the master has "misconceived the legal effect of the evidence." Fodor v. Fodor, 379 So.2d 466, 468 (Fla. 4th DCA 1980) (citation omitted).
While we are concerned that there was little evidence or case history to support the master's finding that the former husband would make discovery "difficult," the former husband's exceptions to the master's report were not sufficiently specific to put the trial court on notice that he challenged the master's finding on that particular issue. For that reason, and considering the standard of review, we affirm the trial court's order. We also note that the trial court's order did not permit the monies to be drawn until the fees were earned and also specified that the former husband had the right to object to the reasonableness of any proposed charge. The order thus contemplates that the former husband can limit his obligation for fees by expeditiously providing necessary financial information.
Although it is rendered moot by the affirmance of the trial court's order, we address a second issue because it may arise again in the future. That issue is whether the automatic stay provisions of Florida Rule of Appellate Procedure 9.310(b)(1) apply to the order to pay temporary attorney's fees and costs in this case. After the trial court ordered that the former husband pay temporary fees and costs, he posted $36,000 in the registry of the courtthe principal amount of the award plus twice the statutory rate of interestas a supersedeas bond. Facing the former wife's motion for contempt, the former husband cautiously filed a motion for stay of execution pending review of the temporary fee and costs award, claiming the benefit of the automatic stay provision of Rule 9.310(b)(1). The general master issued a report concluding that the order for temporary fees and costs was not subject to the automatic stay provisions of the appellate rule. After a hearing on the former husband's exceptions to this report, the trial court ordered the immediate release to the former wife's counsel of $30,000 of the monies deposited into the court registry; the court also required the former wife's attorney to tender his bills to opposing counsel, who would then have a right to file objections to them.
Rule 9.310(b)(1) provides:
(1) Money Judgments. If the order is a judgment solely for the payment of money, a party may obtain an automatic stay of execution pending review, without *1227 the necessity of a motion or order, by posting a good and sufficient bond equal to the principal amount of the judgment plus twice the statutory rate of interest on judgments on the total amount on which the party has an obligation to pay interest. Multiple parties having common liability may file a single bond satisfying the above criteria.
(Italics supplied).
The issue in this case is whether the order to pay temporary attorneys' fees and costs in a post-dissolution modification proceeding is a "judgment solely for the payment of money" within the meaning of the rule. This phrase ties the appellate rule to Florida Rule of Civil Procedure 1.570 concerning the enforcement of final judgments. See Fla. Fam. L.R.P. 12.570 (stating that enforcement of final judgments shall be governed by Rule 1.570). Rule 1.570 covers four distinct types of final judgments. Subsection (a) addresses "[f]inal process to enforce a judgment solely for the payment of money." Subsection (b) concerns "[f]inal process to enforce a judgment for the recovery of property." Subsection (c) involves a judgment for "the performance of a specific act or contract"; one option under the subsection to enforce such an order is for the court to "hold the disobedient party in contempt." Fla. R. Civ. P. 1.570(c)(2). Subsection (d) deals with judgments for "a conveyance, transfer, release, or acquittance of real or personal property."
An order to pay attorney's fees and costs in a family law case is enforceable by contempt. See Fishman v. Fishman, 656 So.2d 1250 (Fla.1995). It is properly characterized as an "order for the performance of a specific act," which is the payment of fees, under Rule 1.570(c)(2), and not as a "judgment solely for the payment of money" under Rule 1.570(a). See Grabel v. Grabel, 425 So.2d 1220 (Fla. 3d DCA 1983). The money judgments contemplated by Rule 1.570(a) are not enforceable by contempt, but "by execution, writ of garnishment, or other appropriate process or proceedings." The automatic stay provision of Rule 9.310(b)(1) is applicable to the types of final judgments falling under Rule 1.570(a), but not to those judgments covered under subsections (b), (c), and (d) of the rule.
We affirm the trial court's order on temporary attorney's fees and costs and deny the motion for review of orders denying stay.
GUNTHER and TAYLOR, JJ., concur.