763 So.2d 465 (2000)
Craig WERTKIN, Appellant,
v.
Barbara WERTKIN, Appellee.
No. 4D99-2790.
District Court of Appeal of Florida, Fourth District.
August 2, 2000.
Martin H. Colin of Law Offices of Martin H. Colin, Lake Worth, for appellant.
Barbara J. Compiani of Caruso, Burlington, Bohn & Compiani, P.A., and Joel M. Weissman, P.A., West Palm Beach, for appellee.
KLEIN, J.
Appellant husband appeals an order finding him in contempt for failing to pay his wife's attorney's fees and costs which she incurred in their dissolution of marriage action. We affirm.
The parties' marriage lasted five years and produced no children. Finding that the husband's net worth was $2.5 million, and the wife's $500,000, the trial court awarded the wife attorney's fees and costs in the amount of $130,425, which we affirmed. Wertkin v. Wertkin, 763 So.2d 461 (Fla. 4th DCA 2000). After refusing to pay those fees, the husband was held in contempt and appeals.
Husband argues that under Fishman v. Fishman, 656 So.2d 1250 (Fla.1995), the trial court could not use its power of contempt to enforce payment of attorney's fees under the facts in this case, where the wife was not awarded support and visitation rights were not involved. In Fishman the Florida Supreme Court held, in response to a certified question, that contempt could be used to enforce the payment of attorney's fees incurred in enforcing visitation rights. In holding *466 that contempt could be used, the court explained:
Article I, section 11 of the Florida Constitution specifically prohibits imprisonment for debt. However, the use of civil contempt powers for the enforcement of support payments in domestic relations cases has been approved. Bronk v. State, 43 Fla. 461, 31 So. 248 (1901); Phelan v. Phelan, 12 Fla. 449 (1868). The rationale underlying this rule is that the obligation to pay spousal or child support is a personal duty owed to both the former spouse or child and to society rather than a debt within the meaning of article I, section 11. Gibson v. Bennett, 561 So.2d 565, 570 (Fla.1990). The use of contempt in dissolution proceedings is premised on the "assumed necessity for the special protection and enforcement of rights growing out of the marriage relationship." Price v. Price, 382 So.2d 433, 437 (Fla. 1st DCA 1980). This rule has been extended to include the enforcement of payments of attorney's fees related to dissolution proceedings. State ex rel. Krueger v. Stone, 137 Fla. 498, 188 So. 575 (1939); Orr v. Orr, 141 Fla. 112, 192 So. 466 (1939); Heitzman v. Heitzman, 281 So.2d 578 (Fla. 4th DCA 1973).
Id. at 1252.
Although the precise issue in Fishman involved attorney's fees incurred in the enforcement of visitation rights, we interpret the broad language in Fishman as authorizing trial courts to use contempt to enforce orders awarding attorney's fees even where, as here, there are no children and no alimony was awarded. In this case, the wife sought alimony, but the trial court denied it based on the short duration of the marriage and her assets. She was awarded a special equity in a residence titled solely in the husband. If contempt could not be used under the circumstances of this case, and the wife was unable to collect her attorney's fees, she would have to pay them out of her own assets which would reduce her ability to support herself.
In Fishman our supreme court rationalized allowing contempt for enforcement of an order awarding attorney's fees because the duty to pay arose out of a "personal duty owed to both the former spouse or child and to society rather than a debt within a meaning of Article I, section 11" of the Florida Constitution. Fishman, 656 So.2d at 1252, citing Gibson v. Bennett, 561 So.2d 565, 570 (Fla.1990). That rationale would also apply here. See also Robbie v. Robbie, 683 So.2d 1131, 1132 (Fla. 4th DCA 1996)("Attorney's fees in a dissolution action may be enforced by contempt."). Affirmed.
TAYLOR, J., concurs.
POLEN, J., concurs specially with opinion.
POLEN, J., concurring specially.
I agree with the majority's affirmance, not so much because of Fishman, but rather our own decisions in Robbie and Garcia v. Garcia, 743 So.2d 1225 (Fla. 4th DCA 1999). Were it not for this line of decisions, I would advocate adopting the position in Judge Farmer's concurring opinion in Robbie. It is not clear to me that the supreme court in Fishman meant to extend the availability of contempt to enforce an award of attorney's fees where there are no children and no spousal support to enforce. Our own court's decisions seem to say that unequivocally, but as Judge Farmer observed in Robbie, "this use of contempt powers threatens to give the impression that divorce lawyers have some special standing in the courts to be paid upon penalty of jail, which no other lawyer, professional person, or creditor enjoys." Id. at 1133.