PER CURIAM.
Sherry Workman, the former wife, appeals the trial court’s decision to adopt a general master’s recommendation that she not be entitled to claim all three of her children as dependents for tax purposes. We find that the trial judge did not err in adopting the recommendation; however, we find it necessary to vacate the child support award and remand for reconsideration for the reasons stated below.
In the final judgment of dissolution of marriage, Glenn Workman, the former husband, agreed to pay Sherry Workman $800 a month in child support for their three minor children and both agreed to alternate each year the number of children each would be allowed to claim as dependents for tax purposes (one for one party and two for the other party). In October 1997, the former husband was held in contempt for failure to pay child support in the amount of $4,487.44 and was ordered to pay $100.00 per month in arrears. On June 24, 1998, the former wife filed a Supplemental Petition for Modification of Child Support and Motion for Contempt. In the Petition, the former wife asked that the final judgment be modified to provide that she be entitled to all of the dependency deductions for the three minor children due to .the former husband’s failure to remain current with his child support and the increased needs of the children. The trial court referred the matter to a general master. The general master agreed that the child support payments should be increased and recommended that:
With the Former Wife taking all three (3) children as deductions, her net monthly income is $2,767.03 per month. With the Former Husband having none of the children as deduction, his net monthly income is $2,718.67 per month. The child support guideline amount for three (3) children for the total net income of the Parties is $2,746.00. The Former Wife’s share is $1,385.08 (51%), and the Former Husband’s share is $1,360.92 (49%).
[[Image here]]
The Former Husband should be obliged to pay the Former Wife child support of $1,080.92 per month until the children reach 18 years old or graduate High School, whichever comes last; emancipated, marry or die.
As a result of a hearing on the former husband’s exceptions to the general master’s report, the trial judge asked for a clarification from the general master as to whether he intended to award the former wife all three exemptions, since the general master had made some comments in the transcript inconsistent with such a ruling. The general master thereafter entered a clarification of the initial report and declared that it was not his intent to award the former wife all three exemptions. The trial judge accepted that clarification and ordered that the former wife would not be entitled to take all three exemptions and *392 that the former husband was to pay her $1,080.92 per month in child support as recommended in the report.
Upon review of the record, we cannot say that the master’s factual findings were not supported by competent substantial evidence. See Garcia v. Garcia, 748 So.2d 1225, 1226 (Fla. 4th DCA 1999) (citing Zdravkovic v. Zdravkovic, 684 So.2d 822, 822 (Fla. 4th DCA 1996)). However, it was clear that in the master’s original recommendation he calculated the child support award based on the former wife receiving all three deductions. In clarifying the report to indicate that the former wife was not entitled to all three deductions, and in failing to readjust the child support award to take this “clarification” into consideration, the general master’s recommendations are inconsistent with his factual findings. Therefore, it was error for the trial court to approve the report without a recalculation of the child support award. See Fodor v. Fodor, 379 So.2d 466, 468 (Fla. 4th DCA 1980) (noting the well-recognized principle that the trial court should not approve the master’s recommendations where the master has “misconceived the legal effect of the evidence”). Accordingly, the order approving the report is reversed. On remand, the award must be recalculated in view of the finding that the former wife is not entitled to all three deductions.
As of note, the former wife argues that because the former husband is not current with his support payments, he should not be entitled to the dependency exemptions based on section 61.30(ll)(a)8, Florida Statutes (2000).[1] Under the circumstances of this case, we do not find that section 61.30(ll)(a)8 requires that the trial court give the former wife all three deductions; however, with the rationale behind section 61.30(ll)(a)8 in mind, on remand, the lower tribunal is free to revisit the issue of the exemptions in restructuring the child support award.
We reverse and remand for recalculation of the child support award consistent with this opinion. We have reviewed the other issues raised on appeal and find no error.
REVERSED and REMANDED.
STONE, STEVENSON, JJ., and CLARK, NIKKI ANN, Associate Judge, concur.

. Section 61.30(1 l)(a)8, Florida Statutes, reads in pertinent part:
The court may order the primary residential parent to execute a waiver of the Internal Revenue Service dependency exemption if the noncustodial parent is current in support payments.