IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JOSEPH H. BROWN,

     Appellant,

v.

FRANK BROWN, JR.,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-4452

Opinion filed September 10, 2014.

An appeal from the Circuit Court for Taylor County.
William W. Blue, Judge.

E. Leon Jacobs, Jr. of Williams & Jacobs, LLC, Tallahassee, for Appellant.

Brant Hargrove, Tallahassee, for Appellee.

MARSTILLER, J.

     This is an appeal from a final order of the circuit court directing that certain joint and Pay-on-Death ("POD") deposit accounts be included in the Estate of Elizabeth M. Brown ("Estate") and the funds distributed equally among Mrs.

Brown's six children, according to her Last Will and Testament. For the reasons explained below, we affirm the order as to the joint accounts, but reverse as to the POD accounts.

Mrs. Brown, who died on January 24, 2007, was the mother of Appellant, Appellee and four other adult children. Her will contains several specific devises, and provides that all other property not specifically bequeathed be distributed equally among her children. Appellee, curator of the Estate, filed a complaint against Appellant seeking, *inter alia*, a declaratory judgment that certain of Mrs. Brown's accounts are assets of the Estate. The accounts at issue are either joint accounts naming Appellant as co-owner or POD accounts naming Appellant as a beneficiary:

A. 1996 Capital City Bank CD (#821561825) jointly held by the decedent and Appellant. Balance: $52,145.68

B. 1997 Capital City Bank CD (#151348043) jointly held by the decedent and Appellant (redeemed and closed on January 10, 2007). Balance: $8,782.59

C. 1998 Wachovia POD CD (#011832050719921) naming Appellant as sole beneficiary (redeemed and closed on February 12, 2007). Balance: $10,690.52

D. 2003 Farmers & Merchants Bank POD Savings (#0803926520) naming Appellant as sole beneficiary (closed on January 9, 2006 and converted to 2006 FMB POD CD (#0803926540)). Balance: $17,308.82

E. 2006 Farmers & Merchants Bank POD CD (#0803926540) naming Appellant, Dorothy Knowles and

2

Burnett Knight as beneficiaries.  Balance:  $18,097.47

The circuit court appointed a magistrate to conduct an evidentiary hearing on the complaint and consider the parties' legal arguments.  The testimony at the hearing concerned whether, despite the apparent nature of the accounts, Mrs. Brown actually intended that all her children share the funds equally after her death.  The magistrate ultimately issued a report concluding that section 655.79, Florida Statutes, governed the disposition of all the above-listed accounts, and further that Appellee had satisfied section 655.79, which creates a presumption that title to a joint deposit account vests in the surviving owner(s) and provides that the presumption may be overcome with clear and convincing proof of contrary intent.  Specifically, the magistrate determined

> [Appellee] has demonstrated by clear and convincing evidence, which includes the admissions of Defendant, that the decedent's intent was for her "cash accounts," including her certificates of deposit, to first be used to pay expenses associated with her death and the balance to be divided equally among her six children.

Accordingly, the magistrate recommended that all funds be deposited into the Estate account.  The circuit adopted the magistrate's report *in toto*.

Appellate review of the trial court's adoption and ratification of a magistrate's report and recommendation is for abuse of discretion.  *See generally Vargas v. Deutsche Bank Nat. Trust Co.*, 104 So. 3d 1156, 1165 (Fla. 3d DCA 2012); *Burnstine v. Townley*, 976 So. 2d 624, 626 (Fla. 5th DCA 2008).

3

Examining the magistrate's report in the instant case, we conclude first that section 655.79, by its express terms, applies only to joint deposit accounts—i.e., accounts bearing the names of two or more co-owners—and not to POD accounts. The statute reads, in pertinent part:

> **655.79 Deposits and accounts in two or more names; presumption as to vesting on death.—**
> (1) Unless otherwise expressly provided in a contract, agreement, or signature card executed in connection with the opening or maintenance of an account, including a certificate of deposit, *a deposit account in the names of two or more persons* shall be presumed to have been intended by such persons to provide that, upon the death of any one of them, all rights, title, interest, and claim in, to, and in respect of such deposit account . . . vest in the surviving person or persons. . . .
>
> (2) The presumption created in this section may be overcome only by proof of fraud or undue influence or clear and convincing proof of a contrary intent. . . .

§ 655.79, Fla. Stat. (2007) (emphasis added). Neither of the three POD accounts at issue is a "deposit account in the names of two or more persons." Consequently, the magistrate erred in applying the statutory presumption in section 655.79 and, more importantly, the mechanism for overcoming the presumption to the POD accounts.

The magistrate should have relied on section 655.82, Florida Statutes, which governs POD accounts. It provides that a "Pay-on-death designation" means the designation of:

4

A beneficiary in an account payable on request to one party during the party's lifetime and on the party's death to one or more beneficiaries, or to one or more parties during their lifetimes and on death of all of them to one or more beneficiaries.

§ 655.82(1)(h)1., Fla. Stat. (2007). A "party" is "a person who, by the terms of an account, has a present right, subject to request, to payment from the account other than as a beneficiary." § 655.82(1)(f), Fla. Stat. (2007). A "beneficiary" is "a person named as one to whom sums on deposit in an account are payable on request after death of all parties . . . ." § 655.82(1)(b), Fla. Stat. (2007). Regarding ownership of the funds in a POD account when the account owner dies, the statute provides, "On the death of the sole party or the last survivor of two or more parties, sums on deposit *belong to the surviving beneficiary or beneficiaries.*" § 655.82(3)(b), Fla. Stat. (2007) (emphasis added). No rebuttable presumption applies. Because the magistrate applied the incorrect statute to the POD accounts, the trial court abused its discretion in adopting the portions of the magistrate's report and recommendations relating to those accounts.

However, we find in the record competent substantial evidence supporting the magistrate's finding that Appellee overcame the statutory presumption as to Mrs. Brown's intended disposition of the two joint accounts denoting Appellant as a co-owner. "Where a general master has been appointed for fact-finding and to recommend disposition of pending issues, the trial court is bound by the general

5

master's factual findings unless they are not supported by competent substantial evidence or are clearly erroneous." *Garcia v. Garcia*, 743 So. 2d 1225, 1226 (Fla. 4th DCA 1999). The trial court should approve the master's factual findings and recommendations unless the master has "misconceived the legal effect of the evidence." *Id.* (quoting *Fodor v. Fodor*, 379 So. 2d 466, 468 (Fla. 4th DCA 1980)). The trial court here correctly adopted the magistrate's report and recommendations regarding the joint accounts.

Accordingly, we affirm the final order on appeal as to disposition of the two joint accounts—1995 Capital City Bank CD (#821561825) and 1997 Capital City Bank CD (#151348043). We reverse the order as to disposition of the three POD accounts—1998 Wachovia POD CD (#011832050719921); 2006 Farmers & Merchants Bank POD CD (#0803926540); and 2006 Farmers & Merchants Bank POD CD (#0803926540)—and remand for entry of a revised order consistent with this opinion.

AFFIRMED, in part; REVERSED, in part; and REMANDED.


BENTON and WETHERELL, JJ., CONCUR.